UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA FORTUNE LAND DEVELOPMENT, et al., <br><br> Petitioners, <br><br> v. <br><br> 1955 CAPITAL FUND I GP LLC, et al., <br><br> Respondents. | Case No. 19-cv-07043-VC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 22, 24, 30, 31, 41, 42, 45 |

The administrative motions to file under seal are denied with respect to the three substantive briefs. Thus, within seven days of this order, the petitioners must re-file on the docket unredacted versions of the petition to vacate the arbitration award and their reply brief. Similarly, within seven days the respondents must re-file an unredacted version of their brief in opposition to the petition to vacate.

The administrative motion to file under seal is also denied with respect to the Final Award. Within seven days of this order, the respondents are ordered to re-file either an unredacted version of the Final Award, or a renewed motion to file portions of the Final Award under seal. If a renewed motion is filed, the proposed redactions must be as narrow as possible. General references to non-disclosure and confidentiality agreements will not be sufficient to meet the "compelling reasons" standard. Redactions must be specifically justified, and "[t]he mere fact that the production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal its records." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The administrative motions to file under seal are otherwise granted, as is the

administrative motion for leave to file new material evidence. Since the parties appear to agree that the documents filed at Dkt. 24-6 and Dkt. 24-30 should be unsealed, the petitioners are ordered to file those documents publicly on the docket within seven days of this order.

**IT IS SO ORDERED.**

Dated: January 31, 2020

VINCE CHHABRIA
United States District Judge