UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHINA FORTUNE LAND DEVELOPMENT, et al., <br><br> Petitioners, <br><br> v. <br><br> 1955 CAPITAL FUND I GP LLC, et al., <br><br> Respondents. | Case No. 19-cv-07043-VC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES, PREJUDGMENT INTEREST, AND POST-JUDGMENT INTEREST** <br><br> Re: Dkt. No. 112 |

The respondents' motion for attorneys' fees is granted in part and denied in part. The contracts between the parties authorize the respondents to seek fees for the appeal, the motion for an indicative ruling, and the motion for fees itself, and all of these requests are timely or there is good cause to excuse delay. But the amount the respondents seek to recover is unreasonable and will be reduced substantially. The motion for pre-judgment interest, and the accompanying request for post-judgment interest, is denied as untimely.

1. The respondents' motion for fees for the appeal is timely, and even if it is not, good cause excuses the delay. Ninth Circuit rules are admittedly ambiguous about when a motion for fees on appeal must be filed when the motion is transferred back to the district court for consideration. Ninth Circuit Rule 39-1.6 provides that "a request for attorneys' fees shall be filed no later than 14 days after the expiration of the period within which a petition for rehearing may be filed." Ninth Circuit Rule 39-1.8 provides that a "party who is or may be eligible for attorneys' fees on appeal . . . may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys' fees on appeal to the district court . . . from which the

appeal was taken." The parties agree that the respondents' motion to transfer consideration of fees was timely filed within the 14-day timeline provided by Rule 39-1.6 and incorporated into Rule 39-1.8. The petitioners assert that the respondents *also* had to file the motion for fees with the district court within the same 14-day window. Given that the rules specifically allow parties a full 14 days to file a motion to transfer consideration of fees, it would be strange to read into the rules an additional requirement that the motion for fees itself also be filed with the district court in the same 14-day timeframe. *See Deocampo v. Potts*, 2017 WL 363142, at *1-3 (E.D. Cal. Jan. 24, 2017). But because of the ambiguity, even if the rules did require that, the respondents had good cause to believe they could file the motion for fees within 14 days of the motion being transferred back to the district court, and any delay is excused. *See* Fed. R. App. P. 26(b); *see also Deocampo*, 2017 WL 363142, at *3.

    2. The motion for fees incurred responding to the motion for an indicative ruling is likely untimely, but good cause excuses the delay. The motion was denied in a written order on January 4. The motion for fees incurred responding to that motion, or a request for an extension to seek fees, likely should have been filed within 14 days of that order. *See* Civil Local Rule 54-5; Fed. R. Civ. P. 54(d)(2)(B)(i); *see also Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005) (holding that a "motion for fees is timely if filed no later than 14 days after *the resolution*" of post-judgment motions (emphasis added)). But the motion for an indicative ruling filed by the petitioners was clearly an attempt to manipulate the appeal pending before the Ninth Circuit at that time. It was thus reasonable for the respondents to believe that any request for attorneys' fees on that motion should come as part of a broader request for fees relating to the entire appeal. Moreover, Civil Local Rule 54 and Federal Rule of Civil Procedure 54 both provide that a request for attorneys' fees must be filed within 14 days of "entry of judgment," and it is not clear that the ruling on this motion was a "judgment" within the meaning of those rules. *See* Fed. R. Civ. P. 54(a) (defining "judgment" as "any order from which an appeal lies"); *Doucette v. U.S. Department of the Interior*, 2021 WL 915378, at *2 (9th Cir. Mar. 10, 2021) (holding rulings on indicative motions are not appealable). Because of this uncertainty, and because the respondents

promptly sought fees for this motion at the same time they sought fees for the appeal, good cause excuses the delay. *See* Fed. R. App. P. 26(b).

3. The respondents have not waived their right to seek fees incurred pursuing this motion for fees. With the original motion, the respondents provided an estimate of the amount of fees incurred to that date, and noted that they expected to incur additional fees to finish litigating the motion. With their reply brief, the respondents provided additional supporting documents cataloging all the work done on the motion. This is sufficient to support a request for fees in connection with this motion.

4. The respondents are authorized to seek attorneys' fees for the appeal, the motion for an indicative ruling, and the motion for fees. As the arbitrator explained in the Final Award, the contracts between the petitioners and the respondents allow the prevailing party in "any legal proceedings relating to the failure of a Limited Partner to make an escrow payment under the [Escrow Agreements]" to seek "reimbursement from the opposing party of all costs and expenses incurred, including attorneys' fees and expenses." Final Award ¶ 483. Because the underlying arbitration "relat[ed] to" an alleged failure to make escrow payments under the agreements, the subsequent proceedings in this court and on appeal based on the petitioners' request to vacate the arbitration award also necessarily relate to the same failures to make payments under the agreements. But the amount of fees that the respondents are entitled to recover is clearly subject to a reasonableness requirement; interpreting the agreements' language to allow a prevailing party to recover an uncontestable amount of fees would render the provision unconscionable.

5. The amount that the respondents seek to recover in attorneys' fees—well over $1 million—is facially unreasonable and will be reduced substantially. For example, as to the appeal, the respondents request over $750,000 for over 1000 hours of work performed by 14 attorneys, 3 paralegals, and 2 staff members. Roughly 384 of those hours (and $300,000 of the fees) were spent preparing for the respondents' 15 minutes of oral argument. Wow. And almost 80 hours (and about $58,000) were spent in connection with requests to seal. The request for fees relating to the motion for an indicative ruling and fee motion is similarly unreasonable. For

3

example, as to the former, the respondents request $144,398 for over 200 hours of work to write one 15-page brief opposing a motion that was resolved on the papers without a hearing. About 80% of those hours were charged by firm partners and senior associates. Double wow. The respondents also request over $170,000 for around 240 hours of work preparing this motion for fees—another relatively small motion that was resolved on the papers without argument. Considering all of the billing records and the totality of the documents submitted, reasonable fees for the work performed is $360,000 for the appeal, $40,000 for the indicative motion, and $50,000 for the motion for fees.

6. The respondents' motion for pre-judgment interest is untimely. Both the Supreme Court and the Ninth Circuit have held that a motion to revise a judgment to include pre-judgment interest is considered a Rule 59(e) motion, such that it must be brought within 28 days of judgment. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176-77 (1989); *McCalla v. Royal MacCabees Life Insurance Co.*, 369 F.3d 1128, 1128-29 (9th Cir. 2004). The respondents argue that their motion should be considered a Rule 60 motion, which is not subject to the 28-day deadline, based on a district court case differentiating motions for pre-judgment interest in the arbitration context from all other motions for pre-judgment interest. *See InterDigital Communications Corporation v. Federal Insurance Co.*, 607 F. Supp. 2d 718, 722-24 (E.D. Pa. 2009). That case is obviously not binding on this Court, and the reasoning in the case seems inconsistent with both Ninth Circuit and Supreme Court case law. Moreover, the language of Rule 60—which allows for "corrections based on clerical mistakes; oversights and omissions"— plainly does not encompass a request to substantively modify a judgment to include pre-judgment interest, regardless of whether that request is made in the arbitration context. *See TSYS Acquiring Solutions, LLC v. Electronic Payment Systems, LLC*, 2010 WL 1781015, at *3-4 (D. Ariz. May 4, 2010). Because the motion for pre-judgment interest was brought more than 28 days after judgment, the motion is untimely.

The respondents are awarded $450,000 in attorneys' fees. The respondents' request for

4

pre-judgment interest and the related request for post-judgment interest is denied.[1]

**IT IS SO ORDERED.**

Dated: July 9, 2021

_____
VINCE CHHABRIA
United States District Judge

---

[1] The respondents' request to seal portions of the motion for fees and its accompanying documents (Dkt. No. 111) and the similar request to seal portions of the reply and its accompanying documents (Dkt. No. 122) are denied as to the hourly billing rates and granted as to the discount rates. The respondents are ordered to file new versions of these documents with only the discount rates redacted within 7 days of this order. The motion to seal portions of the petitioners' opposition and the Hesse declaration (Dkt. No. 118) is denied.